POWELL *vs.* MYERS.

The 96th rule of the supreme court, adopted in 1837, being omitted in the revision of 1847, a plaintiff may now amend his declaration by adding a defendant, after a plea in abatement founded upon the non-joinder.

A plaintiff has the same right to amend his declaration after a plea in abatement for want of parties, as in any other case. The only restriction imposed upon the plaintiff's right to amend, under the present 22d rule, is that contained in the 23d rule.

THIS is a motion to set aside the defendant's default for not pleading to an amended declaration. The suit was commenced by declaration. One of the defendants pleaded in abatement the non-joinder of Joyce as a defendant. The plaintiff, within the time allowed by the 22d rule, amended his declaration by making Joyce a defendant, and served on the defendants' attorney a copy of the amended declaration, with the usual notice to plead; which the defendants' attorney disregarded.

*E. Fitch Smith*, for the defendants, cited 7 *Hill*, 145; 6 *Ad. & El.* 778.

*T. C. T. Buckley*, for the plaintiff.

HARRIS, J. If the plaintiff's practice had in fact been irregular, the proper course for the defendants would have been to move to set aside the amended declaration, and the subsequent proceedings; as was done in the case of *Atkinson* ads. *Clapp*, (1 *Wend.* 71.) But I think the plaintiff's practice was regular. In the present rules of the court, the 96th rule adopted in 1837 is omitted. It was also omitted in the revision of 1845. That rule operated as a restriction upon the right to amend, given by the 23d rule of the old court, of which the 22d rule now in force is a copy. Under the provisions of the old 96th rule, a plaintiff might amend his declaration after a plea in abatement, of the non-joinder of a person who ought to have been made a defen-

dant, by inserting the name of such person in the declaration; but he could only do so on payment of costs. That rule operated as a restriction upon the 23d rule in that respect. There never was any reason, in fact, why the plaintiff should be required to pay costs in such a case, as a condition upon which he should be allowed to amend, more than in any other case; and the rule was therefore properly abolished. When abolished, it left the plaintiff the same right to amend his declaration, after such a plea in abatement, as in any other case. The only restriction imposed upon the right to amend, under the present 22d rule, is that contained in the succeeding rule. And the plaintiff in this case, having, within the time allowed for that purpose, filed and served his amended declaration, he was strictly regular in his practice. The defendants have sworn to merits, and the motion must, therefore, be granted on payment of the costs of the default and the subsequent proceedings, and the costs of opposing this motion.

---

SAME TERM.    *Before the same Justice.*